# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**CURTRINA MARTIN, Individually
and as Parent and Next Friend of
G.W., a Minor,**

    Plaintiffs,

v.                                                                Case No. _____

**UNITED STATES OF AMERICA,
LAWRENCE GUERRA, and SIX
UNKNOWN FBI AGENTS,**

    Defendants.
_____/

## COMPLAINT

Plaintiffs Curtrina Martin and G.W. bring this Complaint seeking damages against Defendants for entering their home in the dead of night with a battering ram, setting off flash bombs once inside, and holding them at gunpoint for approximately an hour while executing a no-knock warrant. But the officers were at the wrong home. Defendant United States should be held liable under the Federal Tort Claims Act and the Individual Defendants should be held liable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiffs' federal civil rights claims pursuant to 28 U.S.C. §§ 1331, 1343, 1346. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as at least one of the Defendants resides in this District and Division and the cause of action arose therein.

## CONDITIONS PRECEDENT

3. All conditions precedent to this lawsuit, if any, have been satisfied or waived.

4. Plaintiffs provided Defendant United States' Federal Bureau of Investigation (FBI) detailed tort claims notices on October 25, 2018.

## PARTIES

5. Plaintiff Curtrina Martin is a resident of Georgia and at all times during the incident that is the subject of this Complaint, she was a resident of Atlanta, Fulton County, Georgia.

6. Plaintiff G.W. is the minor child of Curtrina Martin and at all times during the incident that is the subject of this Complaint, the child was a resident of Atlanta, Fulton County, Georgia.

7.  Defendant United States has waived any sovereign immunity to the claims against it in this lawsuit through the Federal Tort Claims Act.

8.  Defendant Lawrence Guerra was a Special Agent for the FBI's Atlanta office during the incident that is the subject of this Complaint.

9.  The Unknown Defendants were FBI Agents who worked for the FBI's Atlanta office during the incident that is the subject of this Complaint.

## FACTUAL ALLEGATIONS

10. In the early morning hours of Wednesday, October 18, 2017, at approximately 4:00-4:30 am, Ms. Curtrina Martin, her minor child, G.W., and her then-fiancé, Mr. Toi Cliatt, were awoken when an unknown number of FBI agents executed a no-knock warrant at their home at 3756 Denville Trace, SW, Atlanta, Georgia, 30331.

11. However, the FBI agents were at the wrong house.

12. The intended target for the warrant was 3741 Landau Lane, SW, Atlanta, Georgia 30331, which was located a block away from the Plaintiffs' home.

13. The agents rammed in the front door of the Plaintiffs' home, set off flash bang grenades and were dressed in SWAT-style gear including facemasks.

14. Ms. Martin was terrified and believed that her family was being

victimized by an armed home invasion.

15. As she scrambled out of bed intending to reach her child, Mr. Cliatt grabbed her by the arm and pulled her towards the master bathroom connected to their bedroom.

16. Ms. Martin was screaming "no – I have to get [G.W.]." But Mr. Cliatt pulled her through the bathroom into the adjacent closet and closed the door. She kept repeating that she had to get her child.

17. Mr. Cliatt took her to the closet because that is where he keeps his shotgun – he planned on defending them against the unknown invaders.

18. Luckily, the agents opened the closet doors before Mr. Cliatt reached his firearm.

19. As the agents opened the closet door, Ms. Martin fell into a corner in the closet.

20. She faced an unknown man wearing a mask and pointing a gun in her face. He repeatedly ordered her to keep her hands up.

21. The agent with a gun on Ms. Martin did not immediately identify himself as law enforcement and neither did the other agents.

22. The agents dragged Mr. Cliatt out of the closet, forced him onto the floor of the bathroom and handcuffed him behind his back. Several agents circled

him with their guns aimed at him.

23. The agents eventually announced that they were "FBI," but at no time did they announce their intentions.

24. An agent held Ms. Martin at gunpoint in the corner of the closet for approximately one hour.

25. Ms. Martin was only wearing a short t-shirt while she slept, without any underwear; she had no time to grab any clothing as she jumped out of bed.

26. The agent did not offer her with anything to cover herself while detained; thus, she was completely exposed.

27. Ms. Martin pleaded with the agent to see that her child was safe, but the agent simply responded to keep her hands in the air.

28. G.W. was seven years old at the time of the incident.

29. G.W.'s room was across the hall from Ms. Martin and Mr. Cliatt's master bedroom.

30. G.W. woke up terrified from the sounds of ramming the door open and the loud bangs from the flash grenades.

31. G.W. pulled the covers over his head hoping whoever was busting into the home would not see him.

32. G.W. was so afraid that he thought he was going to die.

33. An agent detained G.W. apart from his mother for approximately one hour.

34. The Plaintiffs had no idea why the agents were in their home.

35. Eventually, one of the agents asked Mr. Cliatt the address of the home, he told them the Plaintiffs' address, which was not the address on the warrant.

36. At that point, the agent who was holding Ms. Martin at gunpoint permitted her to get up off the floor and directed her through the next room, still half-naked in front of the other agents.

37. The agents then quickly left and approached the correct target of the warrant.

38. Defendant Special Agent Lawrence Guerra later returned to the Plaintiffs' home and left his business card.

39. The Plaintiffs required long-term counseling to deal with the severe emotional distress stemming from the erroneous warrant execution.

40. Plaintiff Martin was forced to take approximately seven months of leave from her job due to her emotional distress.

41. Plaintiff G.W. was forced to change schools on two occasions due to his emotional state.

42. Plaintiffs Martin and G.W. have been under continuous counseling since the incident.

## COUNT I: FALSE ARREST/FALSE IMPRISONMENT
### Federal Tort Claims Act

**(Defendant United States of America)**

43. Plaintiffs re-allege the allegations in paragraphs 1 - 42.

44. At all times relevant to this count, the individual Defendants were acting under color of law and within the course and scope of their employment as law enforcement agents of the FBI.

45. All of the individual Defendant FBI agents who entered the Plaintiffs' home were investigative or law enforcement officers, meaning any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

46. As described above, the individual Defendants falsely imprisoned and falsely arrested Plaintiffs when they detained Plaintiffs without any reasonable articulable suspicion and arrested Plaintiffs without probable cause.

47. The individual Defendants' acts of false imprisonment and false arrest are wrongful torts under Georgia law. *See* O.C.G.A. §§ 51-7-20, 51-7-22.

48. Plaintiffs suffered emotional pain and suffering for which they may recover economic and compensatory damages in amounts to be determined by the

enlightened conscience of the factfinder.

49. Defendant United States of America is liable for the acts of the individual Defendants under the Federal Tort Claims Act.

## COUNT II: ASSAULT AND BATTERY
### Federal Tort Claims Act

**(Defendant United States of America)**

50. Plaintiffs re-allege the allegations in paragraphs 1 - 42.

51. At all times relevant to this count, the individual Defendants were acting under color of law and within the course and scope of their employment as law enforcement agents of the FBI.

52. All of the individual Defendant FBI agents who entered the Plaintiffs' home were investigative or law enforcement officers, meaning any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

53. As described above, the individual Defendants committed acts of assault and battery against the Plaintiffs in holding the Plaintiffs by gunpoint.

54. The individual Defendants' acts of assault and battery are wrongful torts under Georgia law. *See* O.C.G.A. §51-1-14; *see also Hendricks v. S. Bell Tel. & Tel. Co.*, 193 Ga. App. 264, 264-65, 387 S.E.2d 593, 594-95 (1989).

55. Plaintiffs suffered emotional pain and suffering for which they may

recover economic and compensatory damages in amounts to be determined by the enlightened conscience of the factfinder.

56. Defendant United States of America is liable for the acts of the individual Defendants under the Federal Tort Claims Act.

### COUNT III: TRESPASS
### Federal Tort Claims Act

**(Defendant United States of America)**

57. Plaintiffs re-allege the allegations in paragraphs 1 - 42.

58. At all times relevant to this count, the individual Defendants were acting under color of law and within the course and scope of their employment as law enforcement agents of the FBI.

59. All of the individual Defendant FBI agents who entered the Plaintiffs' home were investigative or law enforcement officers, meaning any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

60. As described above, the individual Defendants intentionally and unlawfully interfered with Plaintiffs' enjoyment of their property.

61. The individual Defendants' acts of trespass are wrongful torts under Georgia law. *See* O.C.G.A. §51-9-1; *see also*, *Hendricks v. S. Bell Tel. & Tel. Co.*, 193 Ga. App. 264, 264-65, 387 S.E.2d 593, 594-95 (1989).

62. Plaintiffs suffered emotional pain and suffering for which they may recover economic and compensatory damages in amounts to be determined by the enlightened conscience of the factfinder.

63. Defendant United States of America is liable for the acts of the individual Defendants under the Federal Tort Claims Act.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Federal Tort Claims Act

### (Defendant United States of America)

64. Plaintiffs re-allege the allegations in paragraphs 1 - 42.

65. All of the individual Defendant FBI agents who entered the Plaintiffs' home were investigative or law enforcement officers, meaning any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

66. At all times relevant to this count, the individual Defendants were acting under color of law and within the course and scope of their employment as law enforcement agents of the FBI.

67. As described above, the individual Defendants negligently inflicted emotional distress upon the Plaintiffs through their acts of illegally entering their home with a battering ram, setting off flash grenades and holding them at gunpoint.

68. The individual Defendants' acts of negligent infliction of emotional

distress are wrongful torts under Georgia law. *See Lyttle v. United States*, 867 F. Supp. 2d 1256, 1301 (M.D. Ga. 2012), citing *Clarke v. Freeman*, 302 Ga. App. 831, 835-36, 692 S.E.2d 80, 84-85 (2010).

69. Plaintiffs suffered emotional pain and suffering for which they may recover economic and compensatory damages in amounts to be determined by the enlightened conscience of the factfinder.

70. Defendant United States of America is liable for the acts of the individual Defendants under the Federal Tort Claims Act.

## COUNT V: NEGLIGENCE
### Federal Tort Claims Act

**(Defendant United States of America)**

71. Plaintiffs re-allege the allegations in paragraphs 1 - 42.

72. At all times relevant to this count, the individual Defendants were acting under color of law and within the course and scope of their employment as law enforcement agents of the FBI.

73. All of the individual Defendant FBI agents who entered Plaintiffs' home were investigative or law enforcement officers, meaning any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

74. The individual Defendants had a duty to act with reasonable care and

to abide by the U.S. Constitution and follow its own practices and procedures in executing the no-knock warrant.

75. The individual Defendants breached this duty of care by attempting to serve the warrant at the wrong home – the home of the Plaintiffs.

76. The individual Defendants' negligent acts are wrongful torts under Georgia law. *See Lyttle v. United States*, 867 F. Supp. 2d 1256, 1301 (M.D. Ga. 2012), citing *Corp. Prop. Inv'rs v. Milon*, 249 Ga. App. 699, 705, 549 S.E.2d 157, 163 (2001).

77. Plaintiffs suffered emotional pain and suffering for which they may recover economic and compensatory damages in amounts to be determined by the enlightened conscience of the factfinder.

78. The discretionary function exemption does not apply because the FBI agents' tortious actions violated the United States Constitution.

79. Defendant United States of America is liable for the acts of the individual Defendants under the Federal Tort Claims Act.

## COUNT VI: ILLEGAL ENTRY, DETENTION & FALSE ARREST
## FOURTH AMENDMENT

### (Individual Defendants)

80. Plaintiffs re-allege the allegations in paragraphs 1 - 42.

81. At all times relevant to this count, the individual Defendants were

acting under color of law and within the course and scope of their employment as law enforcement agents of the FBI.

82. Acting under color and authority of law, the individual Defendants violated Plaintiffs' Fourth Amendment rights to be free from baseless entry into their home, detention and arrest.

83. Defendant Guerra personally supervised the execution of the no-knock warrant.

84. Plaintiffs' home did not bear an outward resemblance to the home that was the subject of the search warrant such that it could reasonably be confused with the target of the warrant.

85. The correct street number of both homes was prominently displayed on the mailbox outside each house.

86. Prior to the execution of the warrant, Defendant Guerra and other individual Defendants involved in the execution of the warrant were briefed, viewed photos of the target of the warrant, knew the address of the target of the warrant, and reviewed a map showing the location of the target of the warrant.

87. Plaintiffs' home was not in a location in the neighborhood that would allow a law enforcement officer to confuse Plaintiffs' home for the target of the execution of the search warrant. The individual Defendants entered Plaintiffs'

dwelling without a valid warrant for that address and without permission and under no exigent circumstances.

88. An objectively reasonable law enforcement officer would know that no legal circumstances existed for entry into Plaintiffs' dwelling.

89. Further, the individual Defendants had no reasonable suspicion to detain Plaintiffs.

90. An objectively reasonable law enforcement officer would know that no arguable reasonable articulable suspicion existed to detain the Plaintiffs.

91. Pre-existing law gave the individual Defendants fair warning that their actions violated Plaintiffs' Constitutional rights. *See, e.g.*, *Hartsfield v. Lemacks*, 50 F.3d 950, 955 (11th Cir. 1995).

92. Plaintiffs are entitled to recover economic and compensatory damages for the Constitutional deprivations suffered at the hands of the Defendants in an amount to be determined by the enlightened conscience of the jury.

93. The individual Defendants acted intentionally, willfully, maliciously and oppressively, thereby entitling Plaintiffs to an award of punitive damages to be determined by the enlightened conscience of the jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Assume jurisdiction over this action;

b. Award judgment against Defendants and for the Plaintiffs;

c. Award Plaintiffs economic and compensatory damages for mental and emotional distress, anxiety, humiliation, and any other injury in an amount to be determined by the enlightened conscience of the factfinders;

d. Award Plaintiffs punitive damages against the individual Defendants in an amount to be determined by the enlightened conscience of the jury to deter each Defendant and others from similar misconduct in the future;

e. Award Plaintiffs reasonable attorney's fees, expenses and costs of litigation pursuant to applicable state and federal laws;

f. Award Plaintiffs pre and post-judgment interest;

g. Award Plaintiffs such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 11th day of September 2019,

s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553
FILIPOVITS LAW FIRM, P.C.
2900 Chamblee-Tucker Rd.
Building 1
Atlanta, Georgia 30341

s/ Lisa C. Lambert
Lisa C. Lambert
Georgia Bar No. 142135
Law Office of Lisa C. Lambert
245 N. Highland Ave.
Suite 230-139
Atlanta, Georgia 30307

Phone: 678-237-9302  
Fax: 770-455-1449  
jrfilipovits@gmail.com

404-556-8759  
lisa@civil-rights.attorney

*Attorneys for Plaintiffs Curtrina Martin and G.W.*