IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CURTRINA MARTIN, Individually
and as Parent and Next Friend of
G.W., a Minor,

    Plaintiffs,

v.                                   Case No. 1:19-cv-04106-JPB

UNITED STATES OF AMERICA,
LAWRENCE GUERRA, and SIX
UNKNOWN FBI AGENTS,

    Defendants.
_____/

**PLAINTIFFS' EX PARTE MOTION FOR LIMITED, EXPEDITED EARLY DISCOVERY TO IDENTIFY UNKNOWN AGENTS AND TO EXTEND TIME FOR PERSONAL SERVICE OF THE COMPLAINT**

Plaintiffs Curtrina Martin and G.W. move ex parte for an order permitting limited early discovery to identify the unknown agents named in their Complaint.

INTRODUCTION

This case arises from the FBI's execution of a no-knock warrant at the wrong house. Plaintiffs, a mother and son who were asleep at the time of the raid and were held at gunpoint after agents forced their way into the home, brought suit against the federal government, under the Federal Tort Claims Act, and against the individual officers who were involved in the raid, pursuant to *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiffs only know the identity of one of the officers involved in the raid: FBI Special Agent Lawrence Guerra. Agent Guerra identified himself to Plaintiffs after agents determined they were at the wrong address, and provided his business card. *See* Doc. 1, 38. But there were at least six other FBI agents who participated in the warrant execution, including an agent who held Plaintiff Martin at gunpoint in her closet and another who detained Plaintiff G.W. in a room away from his mother. *See id*. ¶¶ 10-36. Plaintiffs are unable to identify the unknown agents as they were dressed identically in SWAT-style gear and wearing facemasks. *See id*. ¶ 13.

Plaintiffs have identified these agents to the best of their ability by specifying that the unidentified agents were involved in this particular warrant execution, at a specific location and time: 3756 Denville Trace, SW, Atlanta, Georgia 30331 on October 18, 2017 at approximately 4:00 a.m. *See id*. ¶¶ 10-13; *see also*, *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (noting plaintiffs are permitted to name unknown defendants if their identities may not be known at the time of filing suit but can be uncovered through discovery).

Plaintiffs have served this lawsuit on the United States, but have been unable to perfect service on Special Agent Guerra. Plaintiffs have reached out to the

2

United States Attorney's Office but have not been able to communicate with the attorney assigned to represent Defendants.

Plaintiffs seek leave from this Court to conduct limited, early, expedited discovery to learn the identities of these unknown agents to perfect service on all of the individual Defendants. Specifically, Plaintiffs request this Court authorize the issuance of a subpoena to the FBI to provide documentation which shows the names of each officer involved in the raid, with a compliance date of October 18, 2019.

## ARGUMENT AND CITATION OF AUTHORITY

Generally, a party may not conduct discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). *See* Rule 26(d)(2)(B). However, "for good cause courts can authorize early, pre-answer discovery 'for the parties' and witnesses' convenience and in the interests of justice.'" *Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 694 n.8 (S.D. Ga. 2013) (quoting Fed. R. Civ. P. 26(d)(2)) (citing *Quad Intern., Inc. v. Doe,* No. 1:12-cv-02050, 2013 WL 178141, *2 (E.D. Cal. Jan. 16, 2013). Such good cause "is shown 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.

Cal. 2002)) (citing *Thompsons Film, LLC v. Doe 119,* N. 2;13-cv-320, 2013 WL 1787807, at *1–2 (M.D. Fla. Apr. 26, 2013); *Canal Street Films v. Does 1–22,* No. 1:13-cv-999, 2013 WL 1775063, at *4 (M.D. Pa. Apr. 25, 2013)).

Plaintiffs have good cause for seeking this expedited, early discovery: to learn the true identities of the unknown agents in order to amend their Complaint and perfect service on the individual Defendants. With this Court's permission, Plaintiffs can issue learn the identities without undue expense or delay. The government is already aware of the identities of these agents given the description of the location, time and date of the incident in the Complaint. A subpoena for the production of document(s) identifying the agents assigned to execute that particular warrant would be an expeditious and unburdensome manner of obtaining the requested information. Obtaining this information is in the interests of justice as Plaintiffs require this information to amend the complaint and perfect service of the summons and Complaint on the unknown individual Defendants.[1]

WHEREFORE, Plaintiffs respectfully request leave of this Court issue an order authorizing the issuance of a subpoena to the FBI to provide documentation which shows the names of each officer involved in the raid, with a compliance date

---

[1] Plaintiffs also note that they have filed a separate motion requesting the Court order that the United States provide notice to the John Doe Defendants of the pendency of this action.

of October 18, 2019.

Respectfully submitted this 8th day of October 2019,

| | |
|---|---|
| s/Jeffrey R. Filipovits | s/ Lisa C. Lambert |
| Jeffrey R. Filipovits | Lisa C. Lambert |
| Georgia Bar No. 825553 | Georgia Bar No. 142135 |
| FILIPOVITS LAW FIRM, P.C. | Law Office of Lisa C. Lambert |
| 2900 Chamblee-Tucker Rd. | 245 N. Highland Ave. |
| Building 1 | Suite 230-139 |
| Atlanta, Georgia 30341 | Atlanta, Georgia 30307 |
| Phone: 678-237-9302 | 404-556-8759 |
| Fax: 770-455-1449 | lisa@civil-rights.attorney |
| jrfilipovits@gmail.com | |

*Attorneys for Plaintiffs Curtrina Martin and G.W.*