IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CURTRINA MARTIN, Individually and as Parent and Next Friend of G.W., a Minor,<br><br>PLAINTIFFS,<br><br>v.<br><br>UNITED STATES OF AMERICA, LAWRENCE GUERRA, AND SIX UNKNOWN FBI AGENTS,<br><br>DEFENDANTS. | Civil Action No.<br><br>1:19-cv-004106-JPB |

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' EX PARTE MOTION FOR LIMITED, EXPEDITED EARLY DISCOVERY TO IDENTIFY UNKNOWN AGENTS AND TO EXTEND TIME FOR PERSONAL SERVICE OF THE COMPLAINT**

COMES NOW the United States of America (the "United States" or "Defendant"), by and through the United States Attorney for the Northern District of Georgia[1], and hereby files this response in opposition to Plaintiffs' Ex Parte Motion for Limited, Expedited Early Discovery to Identify Unknown Agents and

---

[1] Currently, the undersigned counsel represent only the United States and have not been authorized to represent the other defendants named in this action. This Response, therefore, is filed only on behalf of the United States.

to Extend Time for Personal Service of the Complaint (the "Motion"). Specifically, the United States requests that the Court deny Plaintiffs' Motion in part.

Discovery typically does not commence until the parties have met and conferred under Federal Rule of Civil Procedure 26(f). *Voltage Pictures, LLC v. Doe*, 291 F.R.D. 690, 694 n.8 (S.D. Ga. May 20, 2013). A court may allow expedited or early discovery upon a showing of good cause. *See Arista Records LLC v. Does 1-7*, 2008 U.S. Dist. LEXIS 13831, *3 (M.D. Ga. Feb. 25, 2008) (citing *Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99-104-CIV-J-20C, 1999 WL 1293476, at * (M.D. Fl. July 1, 1999)) ("time is of the essence due to the fact that ISPs typically do not retain user activity logs for extended periods"). "Courts generally find good cause in cases in which there is potential spoliation of evidence, the plaintiff seeks a preliminary injunction, or in which unique circumstances exist that require immediate, limited discovery." *See Burns v. City of Alexander City*, 2014 U.S. Dist. LEXIS 73703, *2-3 (M.D. Al. May 30, 2014) (citing *Arista Records, LLC*, 2008 U.S. Dist. LEXIS 13831 at *1) (holding that "Plaintiffs' motion does not demonstrate [that] the requested discovery is time-sensitive or at risk of spoiliation[.]"); *see also Leone v. Towanda Borough*, 2012 U.S. Dist. LEXIS 47594, *8-9 (M.D. Pa. April 4, 2012) ("[W]here a plaintiff seeks *ex parte* expedited discovery to ascertain the identities of "John Doe" defendants to prevent the expiration of the statute of limitations,

the moving party should provide an explanation as to why the action could not have been commenced at an earlier time.").

The identities of "John Doe" defendants are often found during the course of normal discovery and typically do not require early or expedited discovery. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) ("allowing use of unnamed defendant where it was clear that discovery would uncover defendant's identity"); *see also Bailey v. City of Douglasville*, 2015 U.S. Dist. LEXIS 184983, *18 (N.D. Ga. Feb. 4, 2015) ("[non-expedited] discovery will be allowed to determine the identity of such persons").

Here, Plaintiffs have provided no reasons as to why expedited discovery is necessary. Specifically, Plaintiffs have provided no reason why the identification of the "John Doe" defendants cannot be ascertained during the normal course of discovery.

Moreover, the United States specifically objects to the expansive nature of Plaintiffs' proposed discovery requests. Plaintiffs are requesting that the Court allow Plaintiffs to obtain documents that would contain information beyond simply identifying the "John Doe" defendants. And Plaintiffs' Motion provides no explanation for why this information cannot be obtained during the normal course of discovery and as permitted under the Federal Rules of Civil Procedure.

While the United States contends that the expedited discovery requested by Plaintiffs is improper, the United States does not object to limited written discovery on the United States for the limited and sole purpose of identifying the "John Doe" defendants. More specifically, Defendant does not object to the Court permitting Plaintiff to serve a single interrogatory on the United States that requests the names of the "John Doe" defendants. Therefore, other than the single interrogatory, the United States respectfully requests that Plaintiffs' Motion be denied.

    Respectfully submitted,

    BYUNG J. PAK
    *United States Attorney*

    */s/ Samuel H. Williams*
    SAMUEL H. WILLIAMS
    *Assistant United States Attorney*
    North Carolina Bar No. 49622
    Samuel.Williams2@usdoj.gov
    DARCY F. COTY
    Assistant United States Attorney
    Georgia Bar No. 259280
    Darcy.Coty@usdoj.gov
    600 U.S. Courthouse
    75 Ted Turner Drive SW
    Atlanta, GA 30303
    (404) 581-6000   Fax (404) 581-6181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CURTRINA MARTIN, Individually and as Parent and Next Friend of G.W., a Minor, <br><br> PLAINTIFFS, <br><br> *v.* <br><br> UNITED STATES OF AMERICA, LAWRENCE GUERRA, AND SIX UNKNOWN FBI AGENTS, <br><br> DEFENDANTS. | Civil Action No. <br><br> 1:19-cv-004106-JPB |

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

/s/ SAMUEL H. WILLIAMS
Samuel H. Williams
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CURTRINA MARTIN, Individually and as Parent and Next Friend of G.W., a Minor,<br><br>PLAINTIFFS,<br><br>*v.*<br><br>UNITED STATES OF AMERICA, LAWRENCE GUERRA, AND SIX UNKNOWN FBI AGENTS,<br><br>DEFENDANTS. | Civil Action No.<br><br>1:19-cv-004106-JPB |

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system.

This 22nd day of October, 2019.

/s/ SAMUEL H. WILLIAMS<br>
Samuel H. Williams<br>
Assistant U.S. Attorney