IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CURTRINA MARTIN, Individually and as Parent and Next Friend of G.W., a Minor, <br><br> PLAINTIFFS, <br><br> *v.* <br><br> UNITED STATES OF AMERICA, LAWRENCE GUERRA, AND SIX UNKNOWN FBI AGENTS, <br><br> DEFENDANTS. | Civil Action No. <br><br> 1:19-cv-004106-JPB |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

COMES NOW Defendant United States of America ("Defendant" or the "United States"), by and through the United States Attorney for the Northern District of Georgia, and responds to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred to the extent that they failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

1

## THIRD DEFENSE

Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages against the United States of America.

## FIFTH DEFENSE

Under the Federal Tort Claims Act, Plaintiff is not entitled to damages for any sum in excess of the amount presented in their claim.

## SIXTH DEFENSE

Plaintiffs' claims brought pursuant to the Federal Tort Claims Act are barred to the extent that the suit is based on the performance of discretionary functions.

## SEVENTH DEFENSE

In response to the enumerated paragraphs in the Complaint, Defendant answers as follows:

## COMPLAINT

Responding to the unnumbered first paragraph of Plaintiff's Complaint, Defendant admits that Plaintiff's Complaint asserts claims pursuant to *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et seq.

The United States specifically denies that it "should be held liable." Except as thus stated, denied.

## JURSIDICTION AND VENUE

### 1.

Defendant admits that this Court has jurisdiction over the FTCA claims pursuant to 28 U.S.C. § 1346. Except as thus stated, denied.

### 2.

Defendant admits that venue is proper for the FTCA claims pursuant to 28 U.S.C. § 1402. Except as thus stated, denied.

## CONDITIONS PRECEDENT

### 3.

Paragraph 3 states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 3 is deemed to allege facts to which a response is required, Defendant denies the allegations.

### 4.

Defendant admits that Plaintiffs submitted a Standard Form 95 with attachments to the Federal Bureau of Investigation ("FBI") on or about October 25, 2018. Except as thus stated, denied.

## PARTIES

5.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 5 and therefore denies the same.

6.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 6 and therefore denies the same.

7.

Paragraph 7 states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 7 is deemed to allege facts to which a response is required, Defendant denies the allegations.

8.

Admitted.

9.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 9 and therefore denies the same.

## **FACTUAL ALLEGATIONS**

10.

4

Defendant admits that FBI SWAT Team members executed a search and arrest warrant at 3756 Denville Trace, SW, Atlanta, Georgia, 30331 on October 18, 2017. Except as thus stated, denied.

11.

Defendant admits that the search warrant being executed by FBI SWAT Team members was for 3741 Landau Lane, SW, Atlanta, Georgia 30331. Except as thus stated, denied.

12.

Defendant admits that the search warrant being executed by FBI SWAT Team members was for 3741 Landau Lane, SW, Atlanta, Georgia 30331. Except as thus stated, denied.

13.

Defendant admits that FBI SWAT Team members breached the front door of Plaintiffs' residence and placed a single, diversionary device known as a "flash bang" on the floor inside of the door. Defendant admits that the FBI employees were wearing tactical gear. Defendant specifically denies that FBI SWAT Team members set off any "grenades" or that all of the FBI SWAT Team members wore "facemasks." Except as thus stated, denied.

14.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 14 and therefore denies the same.

15.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 15 and therefore denies the same.

16.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 16 and therefore denies the same.

17.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17 and therefore denies the same.

18.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore denies the same.

19.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19 and therefore denies the same.

20.

Defendant admits that Curtrina Martin was briefly detained by FBI employees. Defendant specifically denies that FBI SWAT Team members were wearing "masks." Except as thus stated, denied.

21.

Denied.

22.

Denied.

23.

Defendant admits that the FBI employees repeatedly identified themselves as law enforcement. Except as thus stated, denied.

24.

Denied.

25.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 25.

26.

Denied.

27.

Denied.

28.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 28 and therefore denies the same.

29.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 29 and therefore denies the same.

30.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 30 and therefore denies the same.

31.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 31 and therefore denies the same.

32.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 32 and therefore denies the same.

33.

Denied.

34.

Denied as stated.

35.

Defendant admits that Mr. Cliatt was asked the address of the home and that Mr. Cliatt provided that address. Except as thus stated, denied.

36.

Denied.

37.

Defendant admits that within minutes of entering Plaintiffs' home, the FBI SWAT Team learned that they were at the wrong address and immediately left Plaintiffs' home to serve the warrants at the correct address. Except as thus stated, denied.

38.

Defendant admits that after serving the warrants at the correct address and securing that residence, SA Guerra immediately returned to Plaintiffs' home, at which time he gave them the business card of FBI attorney Kristine Green, Chief Division Counsel for the FBI's Atlanta Field Office. Except as thus stated, denied.

39.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 39 and therefore denies the same.

40.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 40 and therefore denies the same.

41.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 41 and therefore denies the same.

42.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 42 and therefore denies the same.

## COUNT I: FALSE ARREST/FALSE IMPRISONMENT

43.

Defendant reiterates and incorporates by reference his answers and defenses to the allegations in paragraphs 1 through 42 as if fully set forth herein.

44.

Defendant admits that at the time of service of the warrants, SA Guerra was working within the course and scope of his employment as a Special Agent with the FBI and member of the FBI SWAT Team.  Except as thus stated, denied.

45.

Admitted.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Defendant specifically denies it is liable to Plaintiff in any manner.  Except as thus stated, denied.

## COUNT II: ASSAULT AND BATTERY

50.

Defendant reiterates and incorporates by reference his answers and defenses to the allegations in paragraphs 1 through 49 as if fully set forth herein.

51.

Defendant admits that at the time of service of the warrants, SA Guerra was working within the course and scope of his employment as a Special Agent with the FBI and member of the FBI SWAT Team.  Except as thus stated, denied.

52.

Admitted.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Defendant specifically denies it is liable to Plaintiff in any manner.  Except as thus stated, denied.

## COUNT III: TRESPASS

57.

Defendant reiterates and incorporates by reference his answers and defenses to the allegations in paragraphs 1 through 56 as if fully set forth herein.

58.

Defendant admits that at the time of service of the warrants, SA Guerra was working within the course and scope of his employment as a Special Agent with the FBI and member of the FBI SWAT Team.  Except as thus stated, denied.

59.

Admitted.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Defendant specifically denies it is liable to Plaintiff in any manner. Except as thus stated, denied.

## COUNT IV: NEGLIGENT INFLECTION OF EMOTIONAL DISTRESS

64.

Defendant reiterates and incorporates by reference his answers and defenses to the allegations in paragraphs 1 through 63 as if fully set forth herein.

65.

Defendant admits that at the time of service of the warrants, SA Guerra was working within the course and scope of his employment as a Special Agent with the FBI and member of the FBI SWAT Team. Except as thus stated, denied.

66.

Admitted.

67.

13

Denied.

68.

Denied.

69.

Denied.

70.

Defendant specifically denies it is liable to Plaintiff in any manner.  Except as thus stated, denied.

## COUNT V: NEGLIGENCE

71.

Defendant reiterates and incorporates by reference his answers and defenses to the allegations in paragraphs 1 through 70 as if fully set forth herein.

72.

Defendant admits that at the time of service of the warrants, SA Guerra was working within the course and scope of his employment as a Special Agent with the FBI and member of the FBI SWAT Team.  Except as thus stated, denied.

73.

Admitted.

74.

14

Paragraph 74 states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 74 is deemed to allege facts to which a response is required, Defendant denies the allegations.

75.

Denied.

76.

Denied.

77.

Denied.

78.

Paragraph 78 states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 78 is deemed to allege facts to which a response is required, Defendant denies the allegations.

79.

Defendant specifically denies it is liable to Plaintiff in any manner.  Except as thus stated, denied.

## COUNT VI: ILLEGAL ENTRY, DETENTION & FALSE ARREST

80.

Defendant reiterates and incorporates by reference his answers and defenses to the allegations in paragraphs 1 through 79 as if fully set forth herein.

81.

Defendant admits that at the time of service of the warrants, SA Guerra was working within the course and scope of his employment as a Special Agent with the FBI and member of the FBI SWAT Team.  Except as thus stated, denied.

82.

Denied.

83.

Defendant admits that SA Guerra was assigned to be the Team Leader of the Silver Team for the purpose of executing the warrants at issue in this lawsuit. Except as thus stated, denied.

84.

Denied.

85.

Denied.

86.

Denied as stated.

87.

16

Denied.

88.

Denied

89.

Denied.

90.

Denied.

91.

Denied.

92.

Denied.

93.

Denied.

## **PRAYER FOR RELIEF**

Answering the unnumbered "WHEREFORE" paragraph following paragraph

93 of Plaintiffs' Complaint, Defendant denies that it is liable to Plaintiffs in any

manner whatsoever, and denies each and every allegation of the paragraph

separately and severally to the extent said allegations imply any wrongdoing by

Defendant. Defendant further denies Plaintiffs are entitled to any of the relief requested in the *ad damnum* paragraph.

Defendant denies any and all allegations of the Complaint not expressly admitted herein to which a response is required.

## EIGHTH DEFENSE

Except as expressly admitted above, all allegations in Plaintiffs' Complaint stand denied, and Defendant further denies that Plaintiffs are entitled to any of the relief requested.

WHEREFORE, having fully answered each and every allegation contained in the Complaint, Defendant prays:

(a) That this action be dismissed and that judgment be entered in its favor;

(b) For an award of all allowable costs, including all court costs, against the Plaintiffs; and

(c) That the Court grant Defendant such other relief as is just and proper.

This 21st day of December, 2019.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

18

_/s/ Samuel H. Williams_
SAMUEL H. WILLIAMS
_Assistant United States Attorney_
North Carolina Bar No. 49622
Samuel.Williams2@usdoj.gov
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CURTRINA MARTIN, Individually
and as Parent and Next Friend of
G.W., a Minor,

       PLAINTIFFS,

       *v.*

UNITED STATES OF AMERICA,
LAWRENCE GUERRA, AND SIX
UNKNOWN FBI AGENTS,

       DEFENDANTS.

Civil Action No.

1:19-cv-004106-JPB

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing

motion and brief have been prepared using Book Antiqua, 13 point font.

*/s/ Samuel H. Williams*
SAMUEL H. WILLIAMS
*Assistant United States Attorney*

20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CURTRINA MARTIN, Individually and as Parent and Next Friend of G.W., a Minor,<br><br>PLAINTIFFS,<br><br>*v.*<br><br>UNITED STATES OF AMERICA, LAWRENCE GUERRA, AND SIX UNKNOWN FBI AGENTS,<br><br>DEFENDANTS. | Civil Action No.<br><br>1:19-cv-004106-JPB |

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Jeffrey R. Filipovits
Filipovits Law Firm, P.C.

Lisa C. Lambert
Law Office of Lisa C. Lambert

December 21, 2019.

*/s/ Samuel H. Williams*
SAMUEL H. WILLIAMS
*Assistant United States Attorney*